**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| SUSAN IRISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-05015-CV-SW-JTM |
| | ) | |
| ALLIED PROPERTY & CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On January 4, 2013, plaintiff Susan Irish ("Irish") filed a four-count petition in the Circuit Court of Jasper County, Missouri against defendant Allied Property & Casualty Insurance Company ("Allied"). On February 13, 2013, Allied removed the lawsuit to this Court based on the complete diversity of citizenship between itself and Irish. The lawsuit arises from damage Irish sustained to her residence in Joplin, Missouri, following a well-publicized tornado on May 22, 2011. In her petition, Irish alleges:

(1) Allied is liable to Irish for vexatious refusal to pay insurance proceeds pursuant to MO. REV. STAT. §§ 375.296, 375.420 [Count I];

(2) Allied is liable to Irish for breach of her insurance contract [Count II];

(3) Allied is liable to Irish for fraud [Count VI];

(4) Allied is liable to Irish for punitive damages [Count VII].

Presently pending before the Court is Allied's motion to dismiss Irish's vexatious-refusal-to-pay claim under MO. REV. STAT. § 375.296, Irish's fraud claim, and Irish's claim for punitive damages. The Court will address each claim in turn.

The parties are in agreement that Missouri substantive insurance law applies to this action. As noted by the Eighth Circuit:

> When determining the state-law issue of insurance policy coverage, [federal courts] are bound in our construction of [the state's] law by the decisions of the state's supreme court. Absent controlling [state] supreme court authority, a federal court sitting in diversity must attempt to predict what that court would decide if it were to address the issue. In pursuing this endeavor, [federal courts] may consider "relevant state precedent, analogous decisions, considered dicta, . . . and any other reliable data."

*Raines v. Safeco Ins. Co. of America*, 637 F.3d 872, 875 (8th Cir. 2011) (*quoting*, *in part*, *Ventura v. Titan Sports, Inc.,* 65 F.3d 725, 729 (8th Cir.1995)). Moreover:

> [w]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.

*Raines*, 637 F.3d at 875 (*quoting West v. AT & T*, 311 U.S. 223, 237, 61 S.Ct. 139, 183 (1940)).

The legislature in Missouri has enacted two statutes that permit an insured to seek additional damages from an insurer based on a vexatious refusal by the insurer to pay proceeds due to the insured.[1] One statute provides:

---

[1] The historical underpinnings for creating a cause of action for a vexatious-refusal-to-pay are well understood:

> Historically, Missouri courts consistently held that when an insurer refused to pay a claim without good reason, the insured should be awarded contract damages plus statutory damages for "vexatious refusal to pay." The statutory damages were not to punish an insurer in tort, rather, they were enacted to make whole the insured who is forced to litigate to recover contractual damages.

Lynette L. Cox, Note, 69 UMKC L. REV. 927, 927-928 (Summer 2001).

2

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

MO. REV. STAT. § 375.420. The second statute provides:

> In any action, suit or other proceeding instituted against any insurance company, association or other insurer upon any contract of insurance issued or delivered in this state to a resident of this state, or to a corporation incorporated in or authorized to do business in this state, if the insurer has failed or refused for a period of thirty days after due demand therefor prior to the institution of the action, suit or proceeding, to make payment under and in accordance with the terms and provisions of the contract of insurance, and it shall appear from the evidence that the refusal was vexatious and without reasonable cause, the court or jury may, in addition to the amount due under the provisions of the contract of insurance and interest thereon, allow the plaintiff damages for vexatious refusal to pay and attorney's fees as provided in section 375.420. Failure of an insurer to appear and defend any action, suit or other proceeding shall be deemed prima facie evidence that its failure to make payment was vexatious without reasonable cause.

MO. REV. STAT. § 375.296. Allied contends that the latter statute applies only to insurance companies not authorized to do business in the State of Missouri and, thus, has no application to it.

In *Overcast v. Billings Mutual Insurance Co.*, 11 S.W.3d 62, 66 n.3 (Mo. 2000) (*en banc*), the Missouri Supreme acknowledged that the state had "two vexatious refusal to pay statutes." *Id*. The court noted that the substantive difference between the two statutes was that Section 375.296 applied "even when the insurance company 'delays' payment under a policy" as opposed to outright refusing payment. *Id*. With regard to the issue raised by Allied herein, the court noted:

> There is some authority that a former version of section 375.296, then section 375.168, applies only to insurance companies not incorporated or authorized under the laws of the state.[2] This issue is not before the Court and the parties appear to agree that section 375.420, quoted in the text, applies to this case.

*Id.* (*citing Willis v. American National Life Insurance Co.* 287 S.W.2d 98 (Mo. App. 1956), *Rife v. State Farm Mutual Insurance Co.,* 833 S.W.2d 42, 44 (Mo. App. [W.D.] 1992); Anthony Fussner, Comment, *Overview of Bad Faith Litigation in Missouri,* 62 MO. L. REV. 807, 810 (1997)).

The language of the Missouri Supreme Court in *Overcast* provides only limited guidance in that the court only acknowledges that there is "some authority" for limiting the application of Section 375.296. Having considered the arguments of the parties and the analysis of the *Willis* court,[3] this Court agrees with Allied that – if presented with a justiciable issue – the Missouri Supreme Court would find that Section 375.296 applies only to insurance companies not authorized to transact business in the State of Missouri. In addition to the legislative history cited in *Willis*, the Court also notes that a contrary reading would generally render the application of Section 375.470 redundant since an outright refusal to pay would obviously also include a refusal to pay within 30 days. *Compare Scherr v. Marriott International, Inc.*, 703 F.3d 1069, 1077 (7th Cir. 2013) ("[federal courts] construe statutes in the context of the entire statutory scheme and avoid rendering statutory provisions ambiguous, extraneous, redundant").

---

[2] The forerunner to Section 375.296 was enacted in 1951, along with nine other statutes, to deal with insurance companies not authorized to transact business in the State of Missouri. *Willis*, 287 S.W.2d at 102 (also noting that the "title to the act of 1951 limits the application to companies not authorized under the laws of this state). Even today, the newly numbered statute is still "grouped" with other insurance laws dealing with insurance companies not authorized to transact business in Missouri. MO. REV. STAT. §§ 375.256-375.296.

[3] Both the decision in *Rife* and Mr. Fussner's law review article rely merely on the prior reasoning of the *Willis* court.

Assuming (as the parties do) that Allied was authorized to transact business in the State of Missouri, then the sole avenue for asserting a claim of vexatious-refusal-to-pay against it under Missouri insurance law is MO. REV. STAT. § 375.470. As such, Irish's claims in Count I of her petition – to the extent that they seek recovery pursuant to MO. REV. STAT. § 375.296 – are dismissed for failing to state a claim upon which relief may be granted.

Allied's next argument is that Irish's claims for common law fraud [Count VI] are preempted under Missouri insurance law. Again, the Missouri Supreme Court decision in *Overcast* provides guidance. In *Overcast*, an insured brought an action against his fire insurer after it denied a claim. The insured sought damages for breach of contract, vexatious refusal to pay, and defamation (after the insurer accused the insured of arson in correspondence). With regard to the latter claim, the insurance company argued that the Missouri vexatious refusal to pay statute "preempt[ed] and exclude[d] other remedies that the insured may have [had] against his insurance company." *Overcast*, 11 S.W.3d at 66. The court noted that it was "correct[] that an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay," but reasoned:

> [The insured's] tort claim for defamation is not dependent on the elements of the contract claim. Indeed it would be possible for the insurance company to defame [the insured] even in a situation where it had decided to pay his claim. Thus, [the insured's] defamation claim is not based on the company's refusal to pay and is based on conduct quite distinct from conduct that merely constituted a breach of contract. We cannot infer that the legislature intended, by providing the vexatious refusal to pay remedies in section 375.420, to immunize insurers against all other claims made by an insured for any conduct occurring during a claim determination.

*Id*. at 68.

In this case, in Count VI of her petition, Irish alleges that Allied committed fraud when it made the misrepresentation that it "would provide coverage in accordance with the Policy issued for [Irish's] property" but failed to provide such coverage to Irish after the Joplin tornado. Unlike the tort at issue in *Overcast*, Irish's fraud claim action is dependent on the elements of the contract claim and it would not be possible for the insurance company to commit the alleged fraud in a situation where it had decided to pay the claim. Accordingly, the Court concludes that – if presented with a justiciable issue – the Missouri Supreme Court would find that Missouri law would not allow Irish to pursue a fraud claim under the facts of this case. Count VI of the petition is dismissed for failing to state a claim upon which relief may be granted.

Finally with regard to Irish's claim for punitive damages, the parties are in agreement that such a claim may be pursued in this action only insofar as an underlying fraud claim is viable. In light of the Court's ruling on that claim, then, the Court likewise dismisses Count VII of Irish's petition for failing to state a claim upon which relief may be granted.

For the foregoing reasons, it is

**ORDERED** that *Defendant's Motion To Dismiss For Failure To State a Claim*, filed February 20, 2013 [Doc. 4] is **GRANTED**. Accordingly, the vexatious refusal claim under Mo. Rev. Stat. § 375.296 in Count I, as well as Counts VI and VII are dismissed for failure to state a claim.

                                                */s/ John T. Maughmer*
                                                  **John T. Maughmer**
                                      **United States Magistrate Judge**